FILED
United States Court of Appeals
Tenth Circuit

**August 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RYAN STECK,

      Petitioner-Appellant,

v.

C. CHESTER, Warden, USP-
Leavenworth,

      Respondent-Appellee.

No. 10-3038
(D.C. No. 5:10-CV-03007-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Ryan Steck is a federal prisoner serving a 27-month sentence

at USP-Leavenworth. He has filed this action under 28 U.S.C. § 2241, challenging the

execution of his sentence. Steck requested a transfer to a Residential Reentry Center

(RRC) in Peoria, Illinois, for the remainder of his sentence, under 18 U.S.C. § 3621(b),

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

the statute governing the Bureau of Prisons' (BOP) inmate location decisions. Prison officials in Leavenworth denied this request, citing to a BOP policy that provides that inmates are generally only assigned to RRCs during the last twelve months of their sentence. Steck filed this action under § 2241, and the district court dismissed his petition for failure to exhaust administrative remedies. Steck now appeals, arguing that any attempt to exhaust his administrative remedies would have been futile, and thus that we should excuse his failure to do so. We disagree, and AFFIRM the district court's dismissal of the petition.

Prior to filing a § 2241 petition, federal prisoners are required to exhaust the administrative remedies offered by the BOP. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). In order to exhaust, an inmate must "attempt informal resolution of a complaint and, if that fails, [] submit a formal request for an administrative remedy to the institution." Id. at 1204 (citing 28 C.F.R. §§ 542.13-14). "If the inmate does not obtain a satisfactory resolution from the institution itself, he then may file a regional appeal followed by a national appeal." Id. (citing 28 C.F.R. § 542.15(a)). We can, however, excuse the exhaustion requirement where the inmate demonstrates that exhaustion would have been futile. Id. at 1203. The district court held that Steck had failed to exhaust, and Steck does not contest that finding before us. It appears from the record that Steck attempted informal resolution and submitted a formal request to the institution, but while there is some evidence that he filed a regional appeal, nothing in the record indicates that he has filed a national appeal.

Steck asserts three reasons why the Court should excuse his failure to exhaust. First, he claims that a BOP policy statement memorandum establishes that the BOP would have rejected his appeal automatically. Second, he argues that he will suffer irreparable injury due to the categorical denial by BOP of all requests such as his. Third, he asserts that he cannot be held to the exhaustion requirement, because in a prior Eighth Circuit case, Elwood v. Jeter, 386 F.3d 842, 844 n.1 (8th Cir. 2004), a federal warden conceded that exhaustion would be futile as to that inmate's claim regarding transfer to an RRC. And construing his pro se brief liberally, see Haines v. Kerner 404 U.S. 519, 520 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), we can discern a fourth potential reason: that Steck was told by a Camp Administrator that he would receive the same answer no matter how high he appealed the BOP's decision.

Steck's first argument fails because the memorandum in question simply does not establish that the BOP would automatically reject his request. On the contrary, the memo specifically notes that "[i]nmates are legally eligible to be placed in an RRC at any time during their prison sentence." (R. vol. I at 11.) Further, the memo states that "[s]taff cannot, therefore, automatically deny an inmate's request for transfer to a RRC." (Id. (emphasis in original).) To be sure, the memo observes that, because the purpose of RRC is to "provide a transitional environment for inmates nearing the end of their sentences," transfers to RRCs prior to the last six months of an inmate's sentence will be rare. (Id. at 13.) But in "unusual or extraordinary circumstances justifying such placement," inmates can be placed in RRCs prior to the indicated timeframe, with the concurrence of the

3

Regional Director.  (Id.)  Therefore, the memo does not establish that Steck's appeal would automatically have been denied, and thus does not excuse his failure to exhaust his available administrative remedies.

Second, Steck argues that requiring him to exhaust his administrative remedies would work irreparable injury.  We have occasionally waived exhaustion requirements where irreparable harm would otherwise result.  See Forest Guardians v. U.S. Forest Serv., 579 F.3d 1114, 1121-22 (10th Cir. 2009); Harline v. Drug Enforcement Admin., 148 F.3d 1199, 1203 (10th Cir. 1998).  Steck, however, has failed to point to any reason why his remaining in his current BOP facility rather than an RRC would constitute irreparable injury.  It is an undoubted inconvenience to Steck, to be sure, but nothing in the record establishes that his remaining at Leavenworth would constitute irreparable harm.

Steck's third argument fails on its face.  That a different respondent made a concession in a case involving a different petitioner in a different court has no bearing on whether Steck should be required to exhaust his administrative remedies in this case. Further, the rule at issue in Elwood was a 2002 BOP policy that is different from the policy currently in place.  See Wedelstedt v. Wiley, 477 F.3d 1160, 1161 n.1 (10th Cir. 2007) (noting that Elwood addressed an even-then-outdated 2002 BOP policy). Therefore, the concession in Elwood has no bearing on this case.

Finally, Steck asserts that, after he filed his last administrative grievance with the BOP, he had a discussion with the Camp Administrator, Mr. Rangel, "and he said [Steck]

4

will receive the same answer throughout the Administrative Remedy process." (Apl't Br. at 2.)  Steck does not, however, identify for us how high in the BOP hierarchy a Camp Administrator is, and so we cannot say that it was reasonable for Steck to rely on Rangel's assertion.  Further, since the BOP regulations require an appeal at the national level in order to fully exhaust claims, see 28 C.F.R. § 542.15, no individual prison-level official would be able to speak authoritatively as to whether a national appeal would be successful.  Therefore, we cannot excuse Steck's failure to exhaust merely because one local prison official allegedly told him that his appeals would be fruitless.

Therefore, we AFFIRM the holding of the district court that Steck failed to exhaust his administrative remedies.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

5